UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 JAN -5  A 9:23

U.S. DISTRICT COURT
HARTFORD, CT.

ENSIGN-BICKFORD COMPANY,

    Plaintiff,

V.

ETI CANADA, INC. and AMERICAN
EAST EXPLOSIVES, INC.,

    Defendants.

CASE NO. 3:02CV1712 (RNC)

RULING AND ORDER

Ensign-Bickford Company ("EBCo") brings this diversity case seeking a declaratory judgment that defendants ETI Canada, Inc. and American East Explosives, Inc. (collectively "ETI") must indemnify it in connection with a catastrophic personal injury case pending in Illinois. The Illinois plaintiff was severely injured while using a product that EBCo manufactured for ETI pursuant to a Manufacturing and Licensing Agreement ("the Agreement") and ETI marketed under the brand name "Detaline." For unknown reasons, the Illinois plaintiff is suing EBCo but not ETI. Contending that the Agreement clearly gives it a right to indemnification, EBCo has moved for summary judgment. [Doc.# 24]. As explained below, it is by no means clear that ETI must indemnify EBCo in connection with the Illinois case. Accordingly, EBCo's motion for summary judgment is denied.[1]

---

[1] ETI contends that subject matter jurisdiction is lacking because EBCo will not incur any loss or expense in connection with the litigation in Illinois. EBCo claims that the Illinois case has caused it to incur substantial legal fees. Moreover,

1

Discussion

EBCo is not entitled to summary judgment unless it demonstrates that the governing language of the Agreement is unambiguous. Under Connecticut law, "[c]ontract language is unambiguous when it has a definite and precise meaning . . . concerning which there is no reasonable basis for a difference of opinion . . . ." Gould v. Mellick & Sexton, 263 Conn. 140, 151 (2003). If the language of the Agreement is susceptible to more than one reasonable interpretation, it is not unambiguous. See United Illuminating Co. v. Wisvest-Connecticut, LLC, 259 Conn. 665, 671 (2002).

EBCo contends that the Agreement clearly allocates all potential liability for product liability claims to ETI, and obligates ETI to indemnify EBCo in all such cases, with one exception: EBCo is liable for (1) uninsured losses incurred by ETI (2) in third party actions (3) brought against ETI (4) for damages caused by EBCo's failure to manufacture a product in accordance with ETI's specifications. It is undisputed that the Illinois case has not been brought against ETI. Thus, EBCo contends, its right to indemnification under the Agreement is beyond reasonable dispute.

EBCo's argument focuses on the text of two provisions of the Agreement -- Sections 10.2 and 5.3.

---

exercising the court's jurisdiction to provide declaratory relief is appropriate given the nature of the parties' dispute, and the need for a prompt resolution. See Continental Cas. Co. v. Coastal Sav. Bank, 977 F.2d 734, 737 (2d Cir. 1992).

Section 10.2 states in pertinent part:

> EBCo's liability in connection with the Detaline Products and this Agreement shall be only as expressly set forth in Section 5.3. EBCo shall have no other liability, and ETI . . . shall have no other remedy, whatsoever in connection with the Detaline Products or otherwise hereunder . . . . [ETI] shall indemnify and hold [EBCo] harmless for, from, and against any and all losses . . . (including reasonable attorneys' fees) that are incurred by [EBCo] as a result of [] any claim . . . or proceeding arising from or related to the promotion, sale, or distribution of the Detaline Products (including, without limitation, claims or allegations of failure to warn), the performance of the Detaline Products, or the use of the Detaline Products by . . . any third party . . . .

Section 5.3 states in pertinent part:

> EBCo . . . shall be responsible for any uninsured losses, liabilities, damages, judgments, penalties, costs, and expenses (including reasonable attorneys' fees) that are incurred by [ETI] in any claim, suit, or other action or proceeding brought by any third party relating to wrongful death, personal injury, or property damage, but only if and to the extent such death, injury, or damage is caused by a failure of any product to meet the warranty of EBCo set forth in Section 5.1 [that products sold pursuant to the Agreement will be manufactured in conformance with the respective specifications as set forth in Schedule 2.2].

Significantly for purposes of EBCo's motion, neither section explicitly states that ETI must indemnify EBCo for claims arising from EBCo's "manufacture" of "Detaline Products."[2] The absence of such unambiguous terms exonerating EBCo from the consequences of its own negligence makes it difficult for EBCo to prevail. See B & D Assocs., Inc. v. Russell, 73 Conn. App. 66, 72-73 (2002). But EBCo's motion does not fail for this reason alone.

---

[2] Notably, the word "manufacture" appears in Section 10.1, dealing with ETI's obligation to defend and indemnify EBCo in patent cases.

3

Rather, the motion fails because EBCo's interpretation of the Agreement is facially at odds with the Agreement's definition of "Detaline Products," a defined term that is carefully repeated throughout the Agreement, including Section 10.2.

The Agreement defines the term "Detaline Products" to mean "the Components, the Cord and the Boosters," see Section 1.8; these terms, in turn, are defined to mean items "manufactured in accordance with the specifications therefor set forth in [the Agreement]." See Sections 1.5, 1.6, and 1.7. Given these definitions, the term "Detaline Products," as used in the Agreement, must be understood to refer to products manufactured in accordance with the specifications, not non-conforming products.

If the term "Detaline Products" is given its agreed upon meaning, Section 10.2 does not unambiguously require ETI to indemnify EBCo in the Illinois case. To the contrary, it appears that ETI's duty to indemnify EBCo depends on whether the product was manufactured in accordance with ETI's specifications.

So interpreted, Section 10.2's indemnification provision is fully consistent with the pertinent part of Section 5.3, set forth above, which requires EBCo to indemnify ETI for uninsured losses caused by its failure to manufacture conforming product. Moreover, thus interpreted, Section 10.2 is fully consistent with Section 5.4, which provides that ETI must "bear all the risk and liability whatsoever relating in any way to . . . the use of Detaline Products by . . . any third party, provided, however,

4

that the foregoing shall not relieve EBCo from liability for non-conforming product as expressly set forth in Sections 5.1, 5.2 and 5.3." (Emphasis in original).

Viewing the Agreement as a whole, and giving the term "Detaline Products" its agreed upon meaning, it is quite possible that EBCo is not entitled to be indemnified by ETI in connection with the Illinois case.

Conclusion

Accordingly, the motion for summary judgment is hereby denied.

So Ordered.

Dated at Hartford, Connecticut this 31st day of December 2003.

--------------------
Robert N. Chatigny
United States District Judge